WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dolores Camacho, | No. CV-19-04494-PHX-SPL (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Dolores Camacho ("Plaintiff") is the mother of Miguel Camacho ("Camacho"), who died while in the custody of the Arizona Department of Corrections ("ADC"). Pending before the Court is the parties' briefing (Docs. 44, 46) concerning Plaintiff's request for an order compelling Defendant State of Arizona to produce unredacted "ADC policies and procedures ('Post Orders') pertaining to supervision of inmates and those involving conducting cell security checks." (Doc. 44 at 2). Defendant asserts that ARIZ. REV. STAT. § 31-221(C) prohibits the production of such information.

ARIZ. REV. STAT. § 31-221(A) requires the ADC to "maintain a master record file on each person who is committed to the department . . . ." The statute identifies eight types of documents that ADC must maintain in an inmate's master file:

    1. All information from the committing court.
    2. The reports of the reception-diagnostic centers.
    3. Evaluation and assignment reports and recommendations.
    4. Reports of disciplinary infractions and their disposition.
    5. Progress reports prepared for the board of executive

clemency and the department.
6. Parole or community supervision progress reports.
7. The date and circumstances of final discharge.
8. Any other pertinent data concerning the person's background, conduct, associations and life history as may be required by the department with a view to the person's reformation and to the protection of society.

ARIZ. REV. STAT. § 31-221(A)(1-8). Under ARIZ. REV. STAT. § 31-221(C), "[a]ll records of prisoner care and custody" are subject to public inspection, except for records or portions of records:

1. Revealing the identity of a confidential informant.
2. Endangering the life or physical safety of a person.
3. Jeopardizing an ongoing criminal investigation.

Defendant argues that "due to the highly sensitive nature of Post Orders, their disclosure is likely to endanger the life or physical safety of inmates and guards. Therefore, under the plain language of [§ 31-221(C)], Defendant is not permitted to produce them." (Doc. 46 at 3). The Court is persuaded that the language "all records of prisoner care and custody" in § 31-221(C) refers to an inmate's master record file. Because Post Orders are not individualized inmate records, the Court does not find that they are the type of records contemplated by § 31-221(C). The Court does not find that the disclosure of Post Orders is prohibited by § 31-221(C). Accordingly,

**IT IS ORDERED** granting Plaintiff's request for the production of unredacted Post Orders that is contained in Plaintiff's "Discovery Dispute Brief" (Doc. 44).

**IT IS FURTHER ORDERED** that by **April 29, 2020**, the parties shall file a proposed protective order that would alleviate security issues concerning Defendant's production of unredacted ADC Post Orders.

**IT IS FURTHER ORDERED** that within **three business days** after the Court signs the proposed protective order, Defendant shall produce (i) unredacted Post Orders and (ii) copies of the investigative reports concerning Camacho's death that do not redact references to Post Orders.

Dated this 14th day of April, 2020.

_____
Eileen S. Willett
United States Magistrate Judge